IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

NACOLE L RANDOLPH,
    Plaintiff,

vs.                                    Case No: 3:09cv186/LC/MD

GOLDCO LLC,
d/b/a BURGER KING,
    Defendant.
_____

## REPORT AND RECOMMENDATION

This cause is before the court upon referral from the clerk. On April 29, 2009 plaintiff, proceeding *pro se* and *in forma pauperis*, filed a complaint under Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17. (Doc. 1). After service of the complaint, defendant responded by filing a Motion to Dismiss, or in the Alternative to Strike the Complaint, or in the Alternative for More Definite Statement. (Doc. 13). On October 15, 2009, the court granted the motion in part and directed plaintiff to file an amended complaint within thirty days. (Doc. 17). Plaintiff was warned that failure to comply with the order may result in a recommendation that this case be dismissed.

After receiving no response from plaintiff, on December 8, 2009 the court entered an order directing plaintiff to show cause within twenty days why this case should not be dismissed for her failure to comply with an order of the court. (Doc. 18). To date, plaintiff has not responded to the order or filed an amended complaint.

**Accordingly, it is respectfully RECOMMENDED:**

**1. That this case be DISMISSED WITHOUT PREJUDICE for plaintiff's failure to comply with an order of the court.**

**2. That the clerk be directed to close the file.**

**DONE AND ORDERED this 4th day of January, 2010.**

/s/ *Miles Davis*
      **MILES DAVIS**
      **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** ***United States v. Roberts***, **858 F.2d 698, 701 (11th Cir. 1988).**